IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JURRAY WILLIE CASEY,<br><br>Petitioner,<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent.<br>_____/ | 1:10-cv-01085-GSA (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from Los Angeles County, which is in the

-1-

-2-

1  Central District of California. Therefore, the petition should have been filed in the United States District
2  Court for the Central District of California. In the interest of justice, a federal court may transfer a case
3  filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d
4  918, 932 (D.C. Cir. 1974).
5      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
6  District Court for the Central District of California.
7      IT IS SO ORDERED.
8      **Dated:   June 23, 2010**          /s/ **Gary S. Austin**
    UNITED STATES MAGISTRATE JUDGE